J. E. WILLIAMS, EXECUTOR OF A. F. WILLIAMS, SR., v. ELIZA W. BEST ET AL.

(Filed 14 March, 1928.)

**1. Wills—Rules of Construction in General.**

A will does not admit of judicial interpretation when the words and phrases therein used, taken in their ordinary meaning in connection with the subject-matter, and from the writing as a whole, clearly and unmistakably express the testator's intent as what part of the estate each designated beneficiary is to receive thereunder.

**2. Same.**

In construing a will the courts will reasonably reconcile apparent repugnancies, when this can be reasonably done; and to admit a legal interpretation of apparently conflicting intents the conclusion reached must be convincing.

**3. Wills—Construction—Nature of Estates and Interests Created.**

Where the testator bequeaths to his wife his property for life "without bond" and "gives" her the personalty of the estate "together with rents" from certain of his lands, and provides that at her death the lands shall be sold and the proceeds equally distributed between their children, and this appears in one clause of the will in connected sequence: *Held,* the word "give" applies to all the personalty bequeathed to the wife and the limitation over to the children equally applies, thus giving the wife only a life interest in the personalty other than that to be derived from the sale of the lands specified.

CONNOR, J., did not sit.

APPEAL by Mary W. Millard, a defendant, from *Harris, J.,* at January Term, 1928, of DUPLIN.

A. F. Williams, Sr., late of Duplin County, died during the month of May, 1926, leaving Rosalind J. Williams, his widow, and the following named children as his only heirs at law, to wit: Mary W. Millard, Eliza W. Best, Rosalind W. Bryan, Albert F. Williams (Jr.), Estelle W. Sparks, and Lucile W. Elliott.

On 19 April, 1922, he made a will appointing the plaintiff his executor, and on 12 May, 1926, the will was duly admitted to probate in common form. It contains the following provisions: "Revoking all former wills by me made, I give all my personal property of every kind to my beloved wife, Rosalind J. Williams, together with the use of, and the rents from all of the real estate that I may be possessed of at the time of my death without bond, during her life. After the death of my beloved wife, it is my wish and desire that all of my real estate, except the Witherington lands, be sold by my executor, after due advertisement, and the proceeds arising from such sale and all other funds belonging to my estate be equally divided between my children, Eliza W. Best, Rosalind W. Bryan, Albert F. Williams, Estelle W. Sparks and Lucile W. Elliott, in equal shares, and to my daughter, Mary, I give the sum of five dollars, and no more." The plaintiff brought suit to obtain the advice of the court relative to the construction and legal effect of this clause, the primary question being whether the testator bequeathed to his wife his personal property absolutely or only for her life. The trial court being of opinion that she took only a life estate in the personal property, gave judgment accordingly, from which upon exceptions duly entered the defendant, Mary W. Millard, appealed.

*Gavin & Boney and Beasley & Stevens for appellant.*
*Connor & Hill for other devisees.*

ADAMS, J. If a devise is set forth in clear and unequivocal language there is no occasion for judicial interpretation; but if doubt exists resort may be had to certain arbitrary canons of construction which are designed to give a definite meaning to particular forms of expression. The fundamental object of construction is to ascertain and give effect to the intention of the testator as declared in his will; and in seeking to discover his intention we must inspect all the provisions in the light of the presumption that the testator used words in their ordinary sense and that every part of the will indicates an intelligent purpose. If possible apparent repugnancies must be reconciled, for, as suggested in *Dalton v. Scales,* 37 N. C., 521, it is not to be admitted, unless the conclusion is irresistible, that the testator had two inconsistent intents. And no less pertinent is the principle that words, phrases, or clauses used in one part of a will may be explained, controlled, or limited in their application by

the language employed by the testator in another part of the same instrument. *Campbell v. Cronly,* 150 N. C., 469; *Satterwaite v. Wilkinson,* 173 N. C., 38; *McIver v. McKinney,* 184 N. C., 393; *Gordon v. Ehringhaus,* 190 N. C., 147; *Scales v. Barringer,* 192 N. C., 95.

Let us apply these familiar principles in our endeavor to ascertain the testator's intention with respect to his personal property—specifically whether he bequeathed it to his wife without limitation or only for her life; for upon a proper determination of this question the rights of the parties depend. The disposition of his personal property and of the rents from and the use of his real estate is expressed in these words: "I give all my personal property of every kind to my beloved wife, Rosalind J. Williams, together with the use of, and the rents of all of the real estate that I may be possessed of at the time of my death without bond, during her life." This item reveals several significant facts: There is one sentence; only one "disposing word"—the word "give," which applies equally to the personal property, the rents, and the use of the land; the last words, "during her life," are set apart and given a place which apparently indicates an intent that they should limit and define the quantity of the entire preceding gift; and immediately preceding these are the words "without bond."

The personal property is bequeathed "together with" the rents and use of the real estate—*i. e.,* along with, or in union or combination with the latter. The expression is copulative, connecting the two gifts. In a case entitled *Anonymous,* 3 N. C., 161, it is recorded that the testator had devised to his wife a slave "and also lands for life"; and the court held that the words "and also" continued the clause and that the limitation "for life" referred to all that preceded. In *Black v. Ray,* 18 N. C., 334, the contested clause of the will was as follows: "To my dearly beloved wife, Effy Black, I bequeath (certain slaves), and my horses, and one-half of my cattle; my hogs, sheep, and household furniture; my plantation, with all the lands adjoining to it, during her lifetime." *Ruffin, C. J.,* construed the devise in these words: "The gift of the slaves and land, and all the other articles, is in the same sentence. There is but a single disposing word, 'bequeath,' in the beginning of the clause, which extends to each thing given; and there is but one expression directing the quantity of estate, 'during her lifetime,' which is in the end of it, and necessarily controls the interest in each subject of the gift." Concerning this interpretation *Nash J.,* afterwards remarked in *Williams v. McComb,* 38 N. C., 450, "No other construction could be placed on the words, with any regard to the ordinary rules of construction." These cases bear directly upon the point in question, and the application of the principle therein announced is specially appropriate here because fortified by other parts of the will now under consideration. Why insert the

words "without bond" if the testator intended that the legatee should have the unqualified ownership of the personal property? The object of a bond, if it had been required, would evidently have been the preservation of the personal property during the life of the legatee and its subsequent delivery to those entitled at her death.

Equally significant is the testator's direction that all his real estate, except the Witherington lands, should be sold after the death of his wife and that the proceeds arising therefrom and "all other funds" belonging to his estate should be equally distributed among the five designated children. The personal property, we are informed, consisted chiefly of money, securities, and other evidences of debt, each of which falls within the accepted definition of the word "funds." In view of these facts and of all the circumstances existing at the time the will was executed, we are convinced that the distribution of "all other funds" included the personal property devised to Mrs. Williams. The phrase, "belonging to my estate," signifies nothing more than composing a part of "my estate," which as used here embraces both real and personal property. *Powell v. Woodcock,* 149 N. C., 235; *Reid v. Neal,* 182 N. C., 192. Our conclusion is that Mrs. Williams acquired only a life estate in the personal property bequeathed her, and that after her death it was subject to division as provided in her husband's will. The judgment is

Affirmed.

CONNOR, J., did not sit.