Robert Norfleet WHITE, Marshall Gill White, Jr., Lucy S. White Cook, Mary Norfleet White Cook, Mary Norfleet Cook, Lucius Pinckney Cook, III, a Minor, Lucy Shepherd Cook, a Minor, and Ellen Shepherd Kimbrough, a Minor, by their Next Friend, Lucius Pinckney Cook, Jr., and Board of World Missions of the Presbyterian Church in the United States, Plaintiffs,

v.

WACHOVIA BANK AND TRUST COMPANY, Trustee under the Will of Robert C. Norfleet, Ellen Shepherd Potter, Robert Edward Potter, Mary Shepherd Smoot, James R. Shepherd, Mary S. Dempsey, Robert V. Brawley, Guardian ad litem for James Edward Shepherd Dempsey, a Minor, Barium Springs Home for Children, Ralph E. Goodale, Guardian ad litem for the Unborn Issue of Mary Norfleet Shepherd (Deceased) other than the Unborn Issue of Lucy Shepherd White, and J. Clifton Harper, Guardian ad litem for the Unborn Issue of Lucy Shepherd White (Deceased), Defendants.

No. C–52–WS–65.

United States District Court
M. D. North Carolina,
Winston-Salem Division.

March 4, 1966.

Walter R. Jones, Jr., of Blackwell, Blackwell, Canady, Eller & Jones, Winston-Salem, N. C., for plaintiffs.

Weston P. Hatfield and C. Edwin Allman, Jr., of Hatfield & Allman, Calder W. Womble, of Womble, Carlyle, Sandridge & Rice, Robert V. Brawley, of Craige, Brawley, Lucas & Horton, Ralph E. Goodale and J. Clifton Harper, Winston-Salem, N. C., for defendants.

EUGENE A. GORDON, District Judge.

This action was brought by the plaintiffs to have the Court construe certain provisions of the will of Robert C. Norfleet, in particular, the manner of distribution of the share of income of Edward M. Shepherd, a beneficiary of the testamentary trust established by the will, among his surviving brother and sisters or their legal representatives.

A jury trial was waived, and the matter was heard by the Court sitting without a jury.

Having now carefully considered all of counsels' proposals, arguments and contentions, as well as the testimony, pleadings, stipulations, briefs and exhibits submitted, and the reasonable inferences to be drawn therefrom, the Court pursuant to Rule 52 of the Federal Rules of Civil Procedure makes its Findings of Fact and Conclusions of Law.

### Discussion

Robert C. Norfleet, hereinafter referred to as testator, died testate on July 3, 1941, leaving a will under which a testamentary trust was established. The will provides that the net income from the trust was to be paid to the wife of the testator, Sophie Brown Norfleet, for life. She died on July 2, 1951. After her death, the will directs that the net income be distributed as follows:

A. $9/64$ to testator's sister, Ellen Norfleet Moore, and upon her death to her three children, the issue or lineal descendants of a deceased child representing its parents during their lives according to the following fractions: $4/18$ to a son, Baxter S. Moore, and $7/18$ to each of two daughters, Ellen Moore Kimbrough, and Johnsie Moore Heyward.

B. $13/64$ to testator's niece, Lucy Shepherd White, and upon her death to her four children, the issue or lineal descendants of a deceased child representing its parents, during their lives according to the following fractions: $3/18$ to each of two daughters and one son, Mary Norfleet White Cook, Lucy S. White Kimbrough and Marshall Gill White, Jr.; and $4/18$ to a son, Robert Norfleet White.

C. 7/64 to testator's niece, Ellen Shepherd Potter, and upon her death to her issue or lineal descendants surviving her, if any, or if none, "to her surviving brothers and sisters or their legal representatives."

D. 7/64 to testator's niece. Mary Shepherd Smoot, and upon her death to her issue or lineal descendants surviving her, if any, or if none, "to her surviving brothers and sisters or their legal representatives."

E. 9/64 to testator's nephew, James R. Shepherd, and upon his death, to his surviving issue or lineal descendants, if any, or if none, "to his surviving brother and sisters or their legal representatives."

F. 9/64 to testator's nephew, Edward M. Shepherd, and upon his death, to his surviving issue or lineal descendants, if any, or if none, "to his surviving brother and sisters or their legal representatives."

G. 9/64 to testator's brother, M. W. Norfleet, and upon his death to his three children and their respective issue according to the following fractions: ⅓ to each of two sons and a daughter, Leon Norfleet, M. W. Norfleet, Jr. and Lila Ross Norfleet Davis.

H. The remaining 7/64, unless disposed of by codicil, is to increase "pro rata the income distributable to my beneficiaries under the provisions set forth and contained in the foregoing sections and subsections and subdivisions * * *."

As to termination of the testamentary trust and restrictions placed on the distribution of the income and principal, the will provides as follows:

ITEM III, 5, provides that the trust is to terminate twenty years and eleven months after the death of the last survivor of the named beneficiaries living at the death of the testator, and upon termination of the trust, the principal is to be divided "among the persons, who, at the time of such termination, shall be entitled to receive the net income in the same proportions as the net income shall be at that time distributable."

ITEM III, 6 provides that other than the testator's wife, Sophie Brown Norfleet, his sister, Ellen Norfleet Moore, his brother, M. W. Norfleet, and his nieces, Lucy Shepherd White, Ellen K. Shepherd (now Ellen K. Shepherd Potter) and Mary Shepherd Smoot, no one can receive more than 10/64 of the income. The amount in excess of 10/64 "shall be *pro tanto* distributed ratably to such of the other natural persons entitled to take hereinunder as shall be receiving less than 10/64 of the total net income." In the event that every beneficiary's share is brought up to 10/64, the excess income is to be distributed equally to the Board of World Missions of the Presbyterian Church in the United States and Barium Springs Home for Children. A limit of 10/64 is similarly placed on each beneficiary's distributive share of the principal, and no exceptions to this limit are made.

An action to construe various portions of the will was instituted by the Trustee in the Superior Court of Forsyth County, North Carolina. All of the parties to this proceeding, as well as other parties, were before the Court in such action. After a full hearing during the April 6, 1964, term of said court, a judgment was entered with respect to certain provisions of the will of the testator. The judgment ordered, in part, the following:[1]

"That the Trustee construe the words 'their legal representatives' as such words appear in sub-paragraphs (C), (D), (E) (F), (G)(1) and (G)(2)

---

1. The quoted portion comes from the corrective judgment of the Superior Court of Forsyth County which was entered on April 24, 1964. (Exhibit L) The first judgment was entered on April 9, 1964. (Exhibit K)

of paragraph 4 of ITEM III of the will of Robert C. Norfleet to mean:

(4)  In sub-paragraph (F), 'the surviving issue per stirpes of any deceased brother and sisters.' "

No appeal was taken from the judgment.

This action was brought to construe certain provisions of the will of the testator, and more particularly, ITEM III, 4(F), which reads as follows:

"Six sixty-fourths ($^6/_{64}$) of the net income derived from my trust estate shall be paid monthly or quarterly to my nephew, Edward M. Shepherd, during his lifetime. After the death of my said nephew, the six sixty-fourths ($^6/_{64}$) of the income which he, if living, would be entitled to receive, shall thenceforth be distributed to his surviving issue or lineal descendants, if any, or if he shall leave no issue or lineal descendants surviving him, to his surviving brother and sisters or their legal representatives." [2]

Edward M. Shepherd died on September 20, 1963, without issue or lineal descendants. A determination is now requested by the parties as to the distribution of the $^6/_{64}$ interest originally given to Edward M. Shepherd in ITEM III, 4(F). He was survived by a brother, James R. Shepherd; two sisters, Ellen Shepherd Potter and Mary Shepherd Smoot, and four children of a deceased sister, Lucy Shepherd White, to wit: Mary Norfleet White Cook, Marshall Gill White, Jr., Lucy S. White Kimbrough, and Robert Norfleet White. Since the death of Edward M. Shepherd, the Trustee has divided the income distributable under ITEM III, 4(F), into four equal shares with one equal share being distributed to each of the two sisters and brother surviving the deceased beneficiary and with one equal share being apportioned in equal shares among the four children of Lucy Shepherd White.

The plaintiffs who are the children and grandchildren of Lucy Shepherd White contend that the income distributable under ITEM III, 4(F), should be distributed pro rata to the surviving brother and sisters of Edward M. Shepherd, with the four children of Lucy Shepherd White representing their parent, in proportion to the respective fractional shares of the net income payable to them out of the testamentary trust provided for in other sections of the will.[3]  The defendants who are the Trustee, the living children of Mary Norfleet Shepherd and their lineal descendants (other than the children and lineal descendants of Lucy Shepherd White) contend that the income payable to Edward M. Shepherd should be distributed equally among his surviving brother and sisters with one equal share distributed to the children of the deceased sister, Lucy Shepherd White. The Court is in agreement with the latter contention for reasons hereinafter stated.

In determination of the questions presented herein by the parties, the law of North Carolina is controlling. *Cabarrus Bank and Trust Company v. Finlayson*, 4 Cir., 286 F.2d 251 (1961). The principal and controlling guide for the Court in the interpretation of any will is the intention of the testator. As

---

2. The only relatives of the testator who are interested in this proceeding are the issue and lineal descendants of Mary Norfleet Shepherd, who was the mother of Edward M. Shepherd, sister of the testator and predeceased the testator. See Appendix.

3. The brother and sisters of Edward M. Shepherd were beneficiaries under the will as individuals. Ellen Shepherd Potter and Mary Shepherd Smoot each received $^7/_{64}$ of the income for life. (ITEM III, 4(C) and 4(D))  Lucy Shepherd White received $^{13}/_{64}$ of the income for life. (ITEM III, 4(B))  James R. Shepherd received $^6/_{64}$ of the income for life (ITEM III, 4(E))  Under the plaintiffs' theory of distribution, Edward M. Shepherd's share (ITEM III, 4(F)) would be divided as follows: $^7/_{33}$ of $^6/_{64}$ each to Ellen Shepherd Potter and Mary Shepherd Smoot, $^{13}/_{33}$ of $^6/_{64}$ to the four children of Lucy Shepherd White, and $^6/_{33}$ of $^6/_{64}$ to James R. Shepherd.

stated by the court in Carroll v. Herring, 180 N.C. 369, 104 S.E. 892, 894 (1920):

> "The primary object, in interpreting all wills, is to ascertain what testator desired to be done with his estate, and if it can be found in the language of the document, his intention always controls."

■■ Certain established canons of construction have been devised to aid the courts in the interpretation of wills; however, the canons of construction are not to be used to violate the intention of the testator as taken from the "four corners" of his will. Yount v. Yount, 258 N.C. 236, 128 S.E.2d 613 (1962). In seeking to discover the intent of the testator, all provisions must be inspected in the light of the presumption that the testator used words in their ordinary sense, and that every part of the will indicates an intelligent purpose. Williams v. Best, 195 N.C. 324, 142 S.E. 2 (1928).

From the pleadings, exhibits and arguments of counsel, there arises two underlying issues for determination in the construction of ITEM III, 4(F). First, whether the bequest of the share of income to the alternate contingent beneficiaries—surviving brother and sisters or their legal representatives—constitutes a class gift? Second, if the bequest is found to be a class gift, whether the rule of per capita distribution is rebutted by the intention of the testator as found in other provisions of his will?

■ The Court is of the opinion that the gift to the surviving brother and sisters or their legal representatives in ITEM III, 4(F), is a class gift. Ordinarily a gift to persons who are not named or numbered in the language of a gift but are designated therein only in general terms, as by relationship to the testator or another, is a gift to a class. Also, a gift made expressly to persons surviving at an indicated future time, and who are not named or numbered in the language of the gift, is made to them as a class. Wachovia Bank & Trust Company v. Schneider, 235 N.C. 446, 70 S.E. 2d 578 (1952); Smyth v. McKissick, 222 N.C. 644, 24 S.E.2d 621 (1943); Annotation, 61 A.L.R.2d 212, 231, 237.

In ITEM III, 4(F), the alternate contingent beneficiaries are designated by their relation to Edward M. Shepherd. The number of beneficiaries could not be ascertained until the death of Edward M. Shepherd, and in order for the income to vest in his brother and sisters, they were required to survive him. The Court is of the opinion that even though the alternate contingent beneficiaries are designated by name and treated as individuals in the distribution of the income as compared to a class in other portions of the will, this is not sufficient to overcome the rule of a class gift in ITEM III, 4(F).

■■ Ordinarily, where a gift is to a class, the takers share equally, i. e., per capita, unless it clearly appears that the testator intended a different method. In Re Battle, 227 N.C. 672, 44 S.E.2d 212 (1947); Wachovia Bank & Trust Company v. Bryant, 258 N.C. 482, 128 S.E.2d 758 (1963); Annotation, 13 A.L.R.2d 1023, 1032. It is held that a gift to certain persons, if living, or their legal representatives, if not, required per capita distribution among those living and per stirpes among the legal representatives. Wachovia Bank & Trust Company v. Stevenson, 196 N.C. 29, 144 S.E. 370 (1928). The court in Burton v. Cahill, 192 N.C. 505, 135 S.E. 332, 335 (1926), in determining whether distribution should be on a per capita basis, stated:

> "(4) The general rule is that the distribution is per capita unless the entire will discloses a contrary intent. * * *"

> "(5) The degree of consanguinity to the testator may be considered where the intent of the testator is doubtful. * * *"

■ The plaintiffs contend that the will from its four corners shows an intent by the testator to distribute the income of the deceased beneficiary—Edward M. Shepherd—to the alternate contingent beneficiaries in ITEM III, 4(F), on a pro rata basis according to their

respective interests provided for under other provisions of the will.[4]

In each provision of the will which gave to the surviving brother and sisters of Edward M. Shepherd as individuals a fractional portion of the trust income, the testator refers to them as "my niece" or "my nephew" or by relation to the testator. In ITEM III, 4(F), the testator refers to them as a class, "surviving brother and sisters or their legal representatives," or by relation to the deceased beneficiary. It is the opinion of the Court that the testator intended to provide for his nieces and nephews (children of Mary Norfleet Shepherd) as individuals in the first instances, but when they received income as alternate contingent beneficiaries, they were to be treated as a class and as equals. In other words, the testator intended that Edward M. Shepherd, his children and lineal descendants should receive $\frac{9}{64}$ of the income, but if Edward M. Shepherd died without issue or lineal descendants, then his share of the income should be distributed equally among his surviving brother and sisters or their legal representatives. They are entitled to share the income, not because of their relationship to the testator, but due to their relationship to Edward M. Shepherd.

The plaintiffs point to ITEM IV of the will as indicating that the testator intended that the deceased beneficiary's share of income be divided in accordance with the respective interest provided for under other sections of the will. ITEM IV of the will, in part, reads:

"I desire to state my failure to make special provisions in my Will for the other members of my family is not due to any lack of love for them. It has been my purpose, with the knowledge I have at this time, *to make provisions for those whose expectancy does not seem equal to the ones omitted.*" (Emphasis supplied)

The above provision does not, in the opinion of the Court, infer that the testator meant to make a pro rata distribution of a deceased beneficiary's share of income as it is specifically stated that the testator desires to provide for those whose expectancy did not seem equal to those omitted from the will. The Court is of the opinion that the more reasonable view of this provision is that after the testator had allocated income to his nieces and nephews under ITEM III, 4(B) through 4(F), inclusive, to provide for their needs, he then wanted them to share equally the additional income made available as a result of the death of a brother or sister without issue.

It is further submitted by the plaintiffs that the provisions of ITEM III, 6(B), of the will indicates that the testator intended pro rata distribution of the deceased beneficiary's share. It is provided in ITEM III, 6(B), that except for the testator's wife, sister, brother, and his nieces, Lucy Shepherd White, Ellen K. Shepherd (now Ellen Shepherd Potter) and Mary Shepherd Smoot, no person would be entitled to receive more than $\frac{10}{64}$ of the income, and if anyone received more than the maximum, excepting those designated, the overage would be distributed pro rata to the other beneficiaries receiving less than $\frac{10}{64}$. When each person was receiving $\frac{10}{64}$ of the income, the overage would be divided equally between the Foreign Mission Board of the Presbyterian Church and Barium Springs Home for Children. The Court is of the opinion that ITEM III, 6(B), does not indicate other than equal distribution under ITEM III, 4(F). The testator treats the sisters of Edward M. Shepherd equally to the extent that no limitation is made as to the amount of income each could receive. Also, even though pro rata distribution is required of the income over $\frac{10}{64}$ to any beneficiary receiving less, the testator evidently sought to equalize all the shares of income; that is, all beneficiaries could only receive the maximum amount of income, $\frac{10}{64}$, and no more.

The plaintiffs argue that the testator intended pro rata distribution under

---

4. See footnote 3, supra.

ITEM III, 4(F), due to requirement of pro rata distribution under ITEM III, 5 and 6(C). ITEM III, 5, of the will provides that upon the termination of the trust, the principal is to be distributed to those receiving the net income and in the same proportions as the net income is distributable to them. ITEM III, 6 (C), places a limitation on the distribution of the principal in that no person can receive more than $^{10}\!/_{64}$, and any overage is to be distributed ratably to those receiving less. These provisions have no effect on the alternate contingent beneficiaries in ITEM III, 4(F), because ITEM III, 5 also states that the trust will terminate twenty years and eleven months after the death of the last survivor of the named beneficiaries in the will, and the alternate contingent beneficiaries—surviving brother and sisters or their legal representatives [5] of Edward M. Shepherd—are all named beneficiaries and will be dead when the principal is distributed.

The Superior Court of Forsyth County entered judgments on April 9, 1964, and April 24, 1964, in a case involving other portions of the subject will. It is stated in one of the judgments that under ITEM III, 4(B), after the death of Lucy Shepherd White, her share of income would be payable to her four named children, and if at any time a child of Lucy Shepherd White dies without issue or lineal descendants, the share of such deceased child would be distributed pro rata according to the respective interests provided for under ITEM III, 4(B), of the will to the children of Lucy Shepherd White with the share of a deceased child being distributed per stirpes to the then living issue of such deceased child.[6] Without commenting on the correctness of the judgment, it should be clear that the Superior Court was not faced with the issues presented herein. ITEM III, 4 (B), does not contain a clause as found in ITEM III, 4(F), to the effect that the income allocated to a beneficiary who dies without issue shall be distributed to the "surviving brother and sisters or their legal representatives" of the deceased beneficiary. The judgments of the Superior Court are of little assistance, if any, as to the interpretation of ITEM III, 4(F).

The plaintiffs argue that Lucy Shepherd White was a first taker and a special object under the testator's will, and that such is an indication that the testator intended pro rata distribution to the surviving brother and sisters or their legal representatives under ITEM III, 4(F).[7] In seeking to determine the intention of a testator, favor is given to persons who are special objects under his will. Mangum v. Durham Loan & Trust Company, 195 N.C. 469, 142 S.E. 711 (1928). The same rule applies to the first taker. Wachovia Bank & Trust Company v. Miller, 223 N.C. 1, 25 S.E.2d 177 (1943). It is admitted that Lucy Shepherd White was a special object of the bounty, but also were her brothers and sisters even though she received a greater fractional share of income. In ITEM III, 4(F), it could be said that the "surviving brother and sisters" are special objects under the testator's will, and Lucy Shepherd White is not included in this class as she failed to meet the requirement of survivorship and predeceased Edward M. Shepherd. The plaintiffs seek to extend the rule regarding favor to first takers, to first takers in the family line as Lucy Shepherd White was the first mentioned child of Mary Norfleet Shepherd in the will. The Court is of the opinion that the first taker means the primary beneficiary of a gift or the

---

5. The legal representatives of the deceased sister, Lucy Shepherd White, involved herein are named beneficiaries under the will in ITEM III, 4(B) (1) through 4(B) (4), inclusive.

6. Judgment entered on April 9, 1964. (Exhibit K)

7. The plaintiffs point out the share of income allocated to Lucy Shepherd White under ITEM III, 4(B), because if pro rata distribution is made of the income allocated under ITEM III, 4(F), her children will divide $^{13}\!/_{33}$ of $^{8}\!/_{64}$ instead of $\frac{1}{4}$ of $^{8}\!/_{64}$.

first person to receive benefit from it. The rule favoring the first taker is applied in situations where a devisee or legatee in a will is given an estate in fee, and this estate will not be cut down by subsequent inconsistent language of doubtful or ambiguous significance inasmuch as the courts favor early vesting of estates. 57 Am.Jur. 873, Wills, § 1320. This rule is not applicable herein because by clear and unequivocal language, the testator gave all the beneficiaries a life estate in the income from the trust. Even if such a rule could be applied in the instant case, it would have no effect as all of the brothers and sisters of Lucy Shepherd White are first takers as each was given individual fractional shares of the income for life.[8] Also, the Court is of the opinion that the rule favoring the first taker should not be extended to the first taker in a family line as contended by the plaintiffs.

The plaintiffs further argue that if the Court construes "surviving brother and sisters or their legal representatives" to mean that the testator intended equal distribution of the deceased beneficiary's share of income, this would be inconsistent with the manifest intent throughout the will of the testator to distribute the income to named beneficiaries pro rata or in unequal fractional shares. With this, the Court cannot agree as it is for the testator to distribute his property, and where the language is clear and unequivocal, it should be given that meaning which the words convey. Words used by the testator are presumed to be used in their usual and ordinary sense. Williams v. Best, supra. The Court is of the opinion that the testator in his will provides for the individual members of his family according to his view of their financial expectancy and family condition. There-

after, it was his intent that if they received further shares of income by means of survivorship as in ITEM III, 4(F), then those surviving would share equally the income of a deceased brother or sister without issue with the issue or lineal descendants of a deceased brother or sister taking per stirpes.

■ The entire will shows that the testator was aware of the meaning of "pro rata" and "ratably." Each time he intended such distribution of income, he so stated.[9] With this in mind, it appears to the Court that the testator would have stated that the share of a deceased beneficiary without issue under ITEM III, 4(C), 4(D), 4(E), or 4(F), should be distributed pro rata according to the respective fractional shares given to the surviving brothers and sisters as individuals if such were the intent. It is not the function of the Court to write a will for the testator. As stated in Clarke v. Clarke, 253 N.C. 156, 116 S.E.2d 449, 453 (1960):

> " 'The court cannot make a will for the testator nor add to the valid portions of his will provisions which are not therein expressed.' Hodges v. Stewart, 218 N.C. 290, 292, 10 S.E.2d 723, 724."

Since the testator used the clause "surviving brother(s) and sisters or their legal representatives" in ITEM III, 4(C), 4(D), 4(E) and 4(F), without mention of pro rata distribution, and the Court finding no clear intent from the will as a whole to make pro rata distribution with reference to the subject paragraphs, the Court finds the general rule that where there is a devise or bequest to a class, the devisees and legatees take share and share alike, applicable in this case.

For reasons stated, the Court finds that the share of income allocated to Edward

---

8. See footnote 3, supra.

9. Mention of pro rata distribution as to income is made in ITEM III, 4(H) wherein the remaining $7/84$ of the trust income not allocated was to be used to increase pro rata the income distributable to the beneficiaries, and ITEM III, 6(B), wherein the amount in excess of $10/84$ received by any beneficiary was to be distributed pro rata to the beneficaries receiving less than $10/84$. Mention of pro rata distribution of the principal is made in ITEM III, 6(C), but the Court finds this has no application to the alternate contingent beneficiaries in ITEM III, 4(F).

M. Shepherd under ITEM III, 4(F), of the will is to be divided into four equal shares with each surviving brother and sister receiving one equal share and one equal share to be distributed per stirpes to the children of the deceased sister, Lucy Shepherd White.

## Findings of Fact

1. Diversity of citizenship exists as between the plaintiffs and defendants, and the amount in controversy is in excess of $10,000. The parties plaintiff and parties defendant constitute all of the devisees and/or legatees under the Will of Robert C. Norfleet or beneficiaries under the testamentary trust established therein, who are interested parties or having any financial interest in the issues arising upon the pleadings filed herein. All minor plaintiffs and minor defendants are represented respectively by a duly appointed next friend or guardians *ad litem.*

2. Robert C. Norfleet, hereinafter referred to as testator, of Winston-Salem, Forsyth County, North Carolina, died testate on July 3, 1941, leaving a will dated December 9, 1938, and a first codicil dated February 9, 1939, and a second codicil dated February 15, 1939, all of which were duly admitted to probate in the office of the Clerk of the Superior Court of Forsyth County, North Carolina. Under the terms of the will, the testator devised and bequeathed the residue of his estate to the defendant, Wachovia Bank & Trust Company, as Trustee. The will provides that the net income from the testamentary trust be paid to his wife, Sophie Brown Norfleet, during her lifetime. She died on July 2, 1951. The will further provides that upon the death of the testator's wife, the net income shall be distributed to named beneficiaries during their lives in fractional proportionate shares. The testamentary trust will terminate twenty years and eleven months after the death of the last survivor of the named beneficiaries living at the death of the testator, and at such time, the principal of the trust will be distributed among the persons who at the time of such termination, shall be entitled to receive the net income in the same proportions as the net income shall at that time be distributable.

3. Among the named beneficiaries who were entitled to receive the net income from the trust upon the death of the testator's wife were the five children of Mary Norfleet Shepherd who was a sister of the testator and predeceased him. The five children named are Ellen Shepherd Potter, Mary Shepherd Smoot, Lucy Shepherd White, James R. Shepherd and Edward M. Shepherd. ITEM III, 4 (B), of the will provides that $^{13}\!\!/_{64}$ of the net income would be paid to Lucy Shepherd White for life, and upon her death, which occurred on August 31, 1941, her share would be paid to her children, Mary Norfleet White (now Mary Norfleet White Cook), Marshall Gill White, Jr., Lucy White (now Lucy White Kimbrough) and Robert Norfleet White. ITEM III, 4(B) (1), 4(B) (2) and 4(B) (3), respectively provide that Mary Norfleet White, Marshall Gill White, Jr., and Lucy White Kimbrough will each receive for life $^3\!\!/_{13}$ of the $^{13}\!\!/_{64}$ allocated to their mother, and ITEM III, 4(B) (4) provides that Robert Norfleet White will receive for life $^4\!\!/_{13}$ of the $^{13}\!\!/_{64}$. ITEM III, 4(C) and 4(D), respectively, provide that Ellen Shepherd Potter and Mary Shepherd Smoot shall each receive for life $^7\!\!/_{64}$ of the net income, and ITEM III, 4(E) and 4(F) respectively provide that James R. Shepherd and Edward M. Shepherd shall each receive for life $^6\!\!/_{64}$ of the income. All of the above-mentioned provisions relating to Ellen Shepherd Potter, Mary Shepherd Smoot, James R. Shepherd and Edward M. Shepherd are essentially the same as to the distribution of the net income in the event of their deaths without issue or lineal descendants.

4. ITEM III, 4(F), of the will provides that upon the death of Edward M. Shepherd, "the six sixty-fourths ($^6\!\!/_{64}$) of the income which he, if living, would be entitled to receive, shall thenceforth be distributed to his surviving issue or lineal

decendants, if any, or if he shall leave no issue or lineal descendants surviving him, to his surviving brother and sisters or their legal representatives." In a suit in the Superior Court of Forsyth County, North Carolina, to construe various provisions of the will, the term "legal representatives," as used in ITEM III, 4(C), 4(D), 4(E) and 4(F), was adjudged to mean "the surviving issue per stirpes of any deceased brothers and sisters." Edward M. Shepherd died on September 20, 1963, without issue or lineal descendants. The Court finds that the intent of the testator and the directions of ITEM III, 4(F), require the $\frac{6}{64}$ of income allocated to Edward M. Shepherd to be divided into four equal shares with one equal share being distributed to each of his surviving brother and sisters, James R. Shepherd, Ellen Shepherd Potter and Mary Shepherd Smoot, and one equal share being distributed per stirpes to the children of his deceased sister, Lucy Shepherd White, to wit: Mary Norfleet White Cook, Marshall Gill White, Jr., Lucy S. White Kimbrough and Robert Norfleet White.

5. The defendant, Wachovia Bank & Trust Company, Trustee, on or about April 17, 1964, and also on or about October 27, 1964, and also on or about December 15, 1964, distributed income, previously distributable to Edward M. Shepherd during his life and accruing since his death, in four equal shares with one equal share being distributed to each of his three surviving brother and sisters and one equal share being distributed per stirpes among the children of his deceased sister. The Court finds that this manner of distribution is proper and in accordance with ITEM III, 4(F), of the will of the testator.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of the controversy. 28 U.S.C.A. § 1332.

2. Under ITEM III, 4(F), of the will of Robert C. Norfleet, six sixty-fourths ($\frac{6}{64}$) of the net income from the testamentary trust established by the will and allocated for life to Edward M. Shepherd, who died without issue or lineal decendants, shall be divided into four equal shares with an equal share to James R. Shepherd, Ellen Shepherd Potter and Mary Shepherd Smoot, the surviving brother and sisters of Edward M. Shepherd, and an equal share per stirpes to Mary Norfleet White Cook, Marshall Gill White, Jr., Lucy S. White Kimbrough, and Robert Norfleet White, the children of the deceased sister, Lucy Shepherd White.

3. The trust income now being distributed to the life beneficiaries under ITEM III, 4(C), 4(D) and 4(E), of the will of Robert C. Norfleet, in the event of the death of the life beneficiary without issue or lineal descendants, shall be distributed equally to the surviving brother and sisters of the life beneficiary with the share of any deceased brother or sister to be distributed per stirpes to the surviving issue of such deceased brother or sister.

4. The defendant, Wachovia Bank & Trust Company, Trustee under the will of Robert C. Norfleet, properly distributed income allocated to Edward M. Shepherd on April 17, 1964, October 27, 1964, and December 15, 1964, in equal shares to his surviving brother and sisters with one equal share distributed per stirpes to the children of the deceased sister, Lucy Shepherd White; therefore, Wachovia Bank & Trust Company is not to be held accountable in any amount for previous distribution of income under ITEM III, 4 (F) of the will of Robert C. Norfleet.

5. The plaintiffs shall bear the cost of this action.

Counsel for defendants shall prepare and submit to the Court an appropriate judgment.

## APPENDIX

ROBERT C. NORFLEET ......... MARY NORFLEET SHEPHERD
(testator — died 7/3/41)            (sister — died 1904)

| ELLEN*7/64 SHEPHERD POTTER | MARY*7/64 SHEPHERD SMOOT | LUCY*13/64 SHEPHERD WHITE (died 8/31/41) | JAMES*6/64 R. SHEPHERD | EDWARD*6/64 M. SHEPHERD (died 9/20/63) |
|---|---|---|---|---|
| ROBERT EDWARD POTTER | | | MARY S. DEMPSEY | |
| | | | JAMES E. S. DEMPSEY (m) | |

| LUCY*3/13 of S. WHITE 13/64 KIMBROUGH | MARSHALL*3/13 of GILL 13/64 WHITE, JR. | MARY*3/13 of NORFLEET 13/64 WHITE COOK | ROBERT*4/13 of NORFLEET 13/64 WHITE |
|---|---|---|---|
| ELLEN SHEPHERD KIMBROUGH (m) | | | |

| MARY NORFLEET COOK | LUCIUS PINCKNEY COOK, III (m) | LUCY SHEPHERD COOK (m) |
|---|---|---|

(m) — minor

\* — named beneficiaries in the will of Robert C. Norfleet
with the fractional share of income given to each ben-
eficiary