WACHOVIA BANK & TRUST COMPANY, N.A., EXECUTOR OF THE WILL
OF RICHARD R. LAWRENCE, AND NORTH CAROLINA LUTHERAN
HOMES v. EUGENE HILL LAWRENCE; ESTELLE PLEASANTS
TUTTLE AND HUSBAND, LUCIUS BYRD TUTTLE; CLARA
LENORA SHERRILL PAYNE; MARY AMANDA SHERRILL
HOUCK AND HUSBAND, JAMES ABRAHAM HOUCK; ANNIE
LUELLA SHERRILL THORNBROUG; LAWRENCE WESLEY
SHERRILL AND WIFE, GENELLE P. SHERRILL; CORINNE
ELIZA SHERRILL COBLE AND HUSBAND, ROBERT COBLE; ROSA-
LIE IRENE SHERRILL GABRIELLE AND HUSBAND, TONY GABRI-
ELLE; VANCE LAWRENCE; CLYDE W. LAWRENCE AND WIFE
ESTELLE H. LAWRENCE; MAE LAWRENCE LIGHT AND HUS-
BAND, WILL LIGHT; PRICE LAWRENCE; LILLIE LAWRENCE
EDENFIELD AND HUSBAND, W. R. EDENFIELD; WILLIAM LAM-
BERT LAWRENCE; ELLEN LAWRENCE FARLOW; CATH-
ERINE LAWRENCE; DARLENE LAWRENCE SCANDALIATO;
SARAH LAWRENCE; RUSSELL LAWRENCE; JO BOY LAW-
RENCE; TERRY ROLAND LAWRENCE AND WIFE, MRS. TERRY
ROLAND LAWRENCE; COLENE LAWRENCE; SUZANNE LAW-
RENCE; ALTHA LAWRENCE BARTON AND HUSBAND, H. C. BAR-
TON; CHARLES LIONEL LAWRENCE AND WIFE, NELLIE L.
LAWRENCE; LILLIAN CATHERINE LAWRENCE HOLLAR AND
HUSBAND, LARRY D. HOLLAR; WADE G. LAWRENCE AND WIFE,
FRANCES O. LAWRENCE; JAMES SAMUEL LAWRENCE AND
WIFE, ELAINE C. LAWRENCE; NELLIE JEWEL LAWRENCE
LITTLE AND HUSBAND, TERRY LITTLE; IRINE HONNEYCUTT;
ANNIE LAYTON AND HUSBAND, WORTH LAYTON; MRS. CLEO
WILLIAMS; PAULINE SPIVEY AND HUSBAND, NOAH SPIVEY;
AND HARRY E. FAGGART, JR., GUARDIAN AD LITEM FOR THE MINOR
HEIRS, MINOR SPOUSES OF HEIRS, UNBORN HEIRS, UNKNOWN HEIRS AND
UNKNOWN SPOUSES OF HEIRS OF RICHARD R. LAWRENCE

No. 7326SC115

(Filed 26 September 1973)

1. Wills § 28— construction of will — intent of testator

The cardinal principle to be followed in construing every will is
to ascertain and give effect to the true intent of the testator, and
such intent is to be ascertained, if possible, from the language em-
ployed by the testator viewed against the background of his own
particular circumstances known to him at the time the will was made,
and is to be gathered from examination of the instrument as a whole.

2. Wills §§ 30, 52— presumption as to excluded relatives — language con-
strued as residuary clause — disposition of real property

Where the evidence tended to show that testator clearly under-
stood the nature of his assets and that those included his house and
lot, that, with the exception of certain named individuals among his
friends and kinfolks, he was primarily concerned that his property

should go to benefit certain religious and charitable causes which were for the most part identified with his church, and that testator had a large number of other kin in addition to those named in the will whom it was reasonable to assume he did not intend to become owners by intestacy laws of fractional undivided interests in his house and lot, the trial court properly concluded that the words employed by the testator, "all remaining funds after my estate is settled and all bills paid," were intended by him as a general residuary disposition to the plaintiff N. C. Lutheran Homes of his entire estate, whatever its nature, including all of his real as well as all of his personal property not otherwise disposed of by other clauses of the will and not needed to pay his debts.

APPEAL by defendant, Wade G. Lawrence, and by the defendant guardian ad litem, from *Clarkson, Judge,* 9 October 1972 Civil Session of Superior Court held in MECKLENBURG County.

Action for a declaratory judgment to determine whether title to a house and lot at No. 700 Clement Ave., Charlotte, N. C., passed under provisions of the holographic will of Richard R. Lawrence, deceased, to North Carolina Lutheran Homes, one of the plaintiffs, or whether such property passed under the intestate succession laws to the defendants, who are the heirs at law of the decedent.

Richard R. Lawrence died on 8 January 1970. His holographic will dated 19 July 1968 and a codicil thereto dated 26 December 1968 were duly probated. His estate consisted of personal property, largely in the form of U. S. Bonds and cash on deposit, having a total value of $66,648.66, a cemetery lot, and the house and lot in question, which was valued at $13,750.00. In his will the testator disposed of the cemetery lot and made specific and pecuniary bequests in amounts ranging from $500.00 to $2500.00 to certain of his nieces and nephews, made a bequest of $1000.00 to a Lutheran minister and his wife, and then made several pecuniary bequests in amounts ranging from $1000.00 to $5000.00 to various church and charitable institutions, all but two of which were associated with the Lutheran Church. After making the foregoing provisions, none of which are now in question, the testator provided as follows:

"To N. C. Lutheran Homes, L. C. A., Hickory, N. C., all remaining funds after my estate is settled and all bills paid."

There then followed provision naming Wachovia Bank & Trust Company as Executor of the estate, after which appeared the testator's signature. Below the signature there appeared a "P.S." in the decedent's handwriting in which reference was made to persons who could verify the testator's signature, and then appeared a listing of "Main assetts" (sic). This listing refers to the U. S. Bonds, stock in mutual savings and loan associations, life insurance policies, household furnishings, an automobile, and also lists the "house and lot at 700 Clement Ave., Charlotte, N. C." By the codicil to his will the testator made a cash bequest of $1000.00 to a cousin and her son.

The case was submitted to the court without a jury upon stipulations of the parties, including a stipulation that "N. C. Lutheran Homes, L. C. A., Hickory, N. C." is the identical non-profit charitable corporation as the plaintiff, the North Carolina Lutheran Homes. The court entered judgment making findings of fact, including findings that the clause above quoted giving "all remaining funds" to the North Carolina Lutheran Homes was intended by the testator to be a residuary clause and that the word "funds" in said clause was intended by the testator as a synonym for "assets" and described all assets of the estate, real or personal, remaining after the specific bequests had been satisfied and all expenses of the estate paid, and that it was not the intent of the testator to die intestate as to the real property of which he was seized at the time of his death. On these findings the court concluded as a matter of law that title to the real estate in question passed to the plaintiff, North Carolina Lutheran Homes, by the will of Richard R. Lawrence, deceased. From judgment in accord with these findings and conclusion, the defendant, Wade G. Lawrence, and the defendant, Harry E. Faggart, Jr., guardian ad litem for any minor heirs and any unknown heirs of the decedent, appealed.

*Alexander & Brown by B. S. Brown, Jr., for plaintiff appellee, North Carolina Lutheran Homes.*

*Helms, Mullis & Johnston by E. Osborne Ayscue, Jr., for plaintiff appellee, Wachovia Bank & Trust Company, N.A.*

*Weinstein, Sturges, Odom & Bigger, P. A., by T. LaFontine Odom for defendant appellant, Wade G. Lawrence.*

*Harry E. Faggart, Jr., Guardian Ad Litem, defendant appellant.*

PARKER, Judge.

In their brief appellants contend:

> "The testator's overall and specific intent as to what is meant by the phrase 'all remaining funds' cannot be definitely nor reasonably ascertained from the terms of the will and is susceptible of several interpretations. Therefore, this phrase must be construed in its limited and technical sense and be restricted to include only money, deposits, notes, bonds and other such intangible personal property."

We do not agree.

[1] The cardinal principle to be followed in construing every will is to ascertain and give effect to the true intent of the testator, for indeed the intent of the testator is his will. Such intent is to be ascertained, if possible, from the language employed by the testator viewed against the background of his own particular circumstances known to him at the time the will was made, and is to be gathered from examination of the instrument as a whole. Thus, each will presents its own unique problem of construction, and the same word, when employed by one testator to express one intended meaning, may have quite a different meaning when employed by another testator under dissimilar circumstances.

[2] Considering the problem presented by the present case in the light of the foregoing well established principles, we agree with the trial judge's conclusion that the words employed by the testator, "all remaining funds after my estate is settled and all bills paid," were intended by him as a general residuary disposition of his entire estate, whatever its nature, including all of his real as well as all of his personal property not otherwise disposed of by other clauses of the will and not needed to pay his debts. It is apparent that this testator clearly understood the nature of his assets and that these included his house and lot. It is equally apparent that, with the exception of certain named individuals among his friends and kinfolk, he was primarily concerned that his property should go to benefit certain religious and charitable causes which were for the most part identified with his church. As the record before us makes clear, he had a large number of other kin in addition to those whom he expressly remembered in his will, and as to these it is simply

Trust Co. v. Lawrence

not reasonable to assume that he intended that they should become owners by intestacy laws of fractional undivided interests in his house and lot. Indeed, the law and the particular facts of this case raise quite the opposite presumption. 7 Strong, N. C. Index 2d, Wills, § 30. What was said by Rodman, J., speaking for our Supreme Court in *In re Will of Wilson*, 260 N.C. 482, 133 S.E. 2d 189, has particular pertinence here:

> "Where one undertakes to make a will, the presumption is that the instrument disposes of all of testator's property, not leaving a residue to pass under laws governing intestacy. *Poindexter v. Trust Co., supra* [258 N.C. 371, 128 S.E. 2d 167]; *Little v. Trust Co.*, 252 N.C. 229, 113 S.E. 2d 689. 'Having undertaken to make a will at all, it is not consistent with sound reasoning that the testator would have left his estate dangling.' *Coddington v. Stone*, 217 N.C. 714, 9 S.E. 2d 420."

The cases cited and relied on by appellants, *Marrow v. Marrow*, 45 N.C. 148, and *Williams v. Best*, 195 N.C. 324, 142 S.E. 2, are distinguishable and are not here controlling. While, as noted above, each case involving interpretation of a will presents its own unique problems of construction and is therefore seldom directly controlled by decisions in other cases, our decision here does find some support in opinions from other courts which on occasion have construed the word "funds" broadly to include real estate or the general residuary estate of the testator, where the contents of the will and the surrounding circumstances indicated that such was his intention. See: Annotation, 67 A.L.R. 2d 1444.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.